1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT

9

## SOUTHERN DISTRICT OF CALIFORNIA

10

11
12   KHUONG VO,
     CDCR #J-04854,

13                                              Plaintiff,

14                      vs.

15

16   AMY MILLER, et al.,

17                                              Defendants.

18

19

| | |
|---|---|
| Civil No.   15cv0247 GPC (KSC) | |

**ORDER DISMISSING CIVIL ACTION WITHOUT PREJUDICE FOR FAILING TO PAY FILING FEE REQUIRED BY 28 U.S.C. § 1914(a) AND/OR FAILING TO MOVE TO PROCEED *IN FORMA PAUPERIS* PURSUANT TO 28 U.S.C. § 1915(a)**

20          Kuong Vo ("Plaintiff"), currently incarcerated at Centinela State Prison ("CEN")

21   in Imperial, California, and proceeding pro se, has filed a civil rights complaint

22   ("Compl.") pursuant to 42 U.S.C. § 1983 (ECF No. 1).

23          Plaintiff claims CEN's Warden, CEN Education Department Principal L. Johnson,

24   Vice Principal A. Variz, and Vocational Instructor E. Yerena, violated his Eighth and

25   Fourteenth Amendment rights in December 2013 by requiring him to take the Test of

26   Adult Basic Education or "TABE" before participating in an automotive body repair and

27   paint refinishing class at the prison. *See* Compl. at 2-5.

28   / / /

## I.     Failure to Pay Filing Fee or Request IFP Status

All parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $400. *See* 28 U.S.C. § 1914(a).[1] An action may proceed despite a plaintiff's failure to prepay the entire fee only if he is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a). *See Andrews v. Cervantes*, 493 F.3d 1047, 1051 (9th Cir. 2007); *Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999). However, if the Plaintiff is a prisoner, and even if he is granted leave to commence his suit IFP, he remains obligated to pay the entire filing fee in "increments," *see Williams v. Paramo*, 775 F.3d 1182, 1185 (9th Cir. 2015), regardless of whether his case is ultimately dismissed. *See* 28 U.S.C. § 1915(b)(1) & (2); *Taylor v. Delatoore*, 281 F.3d 844, 847 (9th Cir. 2002).

Plaintiff has not prepaid the $400 in filing and administrative fees required to commence this civil action, and while he has submitted a letter requesting "information on how to make a monthly payment," *see* ECF No. 3, he has not filed a Motion to Proceed IFP which complies with 28 U.S.C. § 1915(a)(1) and (2). Therefore, his case cannot yet proceed. *See* 28 U.S.C. § 1914(a); *Andrews*, 493 F.3d at 1051.

## II.    Conclusion and Order

For the reasons set forth above, the Court hereby:

(1)    **DISMISSES** this action sua sponte without prejudice for failing to pay the $400 civil filing and administrative fee or submit a Motion to Proceed IFP pursuant to 28 U.S.C. §§ 1914(a) and 1915(a);

(2)    **GRANTS** Plaintiff **forty-five (45)** days leave from the date this Order is filed to: (a) prepay the entire $400 civil filing and administrative fee in full; *or* (b) complete and file a Motion to Proceed IFP which includes a certified copy of his trust

/ / /

---

[1] In addition to the $350 statutory fee, civil litigants must pay an additional administrative fee of $50. *See* 28 U.S.C. § 1914(a) (Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule, § 14 (eff. Dec. 1, 2014). The additional $50 administrative fee does not apply to persons granted leave to proceed IFP. *Id.*

account statement for the 6-month period preceding the filing of his Complaint.[2] *See* 28 U.S.C. § 1915(a)(2); S.D. CAL. CIVLR 3.2(b); and

(3)     **DIRECTS** the Clerk of the Court to provide Plaintiff with this Court's approved form "Motion and Declaration in Support of Motion to Proceed *In Forma Pauperis*." If Plaintiff fails to either prepay the $400 civil filing fee or complete and submit the enclosed Motion to Proceed IFP within 45 days, this action will remain dismissed without prejudice based on Plaintiff's failure to satisfy 28 U.S.C. § 1914(a)'s fee requirements and without further Order of the Court.

**IT IS SO ORDERED**.

DATED:  May 21, 2015

HON. GONZALO P. CURIEL
United States District Judge

---

[2]  Plaintiff is cautioned that if he chooses to proceed further by either pre-paying the full $400 civil filing fee, or submitting a properly supported Motion to Proceed IFP, his Complaint will be screened before service upon any defendant and may be immediately dismissed pursuant to 28 U.S.C. § 1915A(b) or 28 U.S.C. § 1915(e)(2)(B) regardless of whether he pays the full filing fee up front, or is granted leave to proceed IFP and to pay it in monthly installments. *See Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (noting that 28 U.S.C. § 1915(e) "not only permits but requires" the court to sua sponte dismiss an *in forma pauperis* complaint that is frivolous, malicious, fails to state a claim, or seeks damages from defendants who are immune); *Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010) (discussing similar screening required by 28 U.S.C. § 1915A of all complaints filed by prisoners "seeking redress from a governmental entity or officer or employee of a governmental entity."); *see also Hudson v. McMillian*, 503 U.S. 1, 9 (1992) ("[E]xtreme deprivations are required to make out a[n] [Eighth Amendment] conditions of confinement claim."); *Ingraham v. Wright*, 430 U.S. 651, 672 (1977) (procedural guarantees of due process apply only when a constitutionally-protected liberty or property interest is at stake).